## (June 20, 1966)

■ In the Matter of PAUL B. ZUBER, an Attorney, Respondent. WESTCHESTER COUNTY BAR ASSOCIATION, Petitioner.— Motion by petitioner to confirm the report of a Supreme Court Justice, to whom the matter was referred to hear and report. Respondent is an attorney, admitted to the Bar of this State by this court on June 24, 1957. In July, 1964, Michael Rizzi, then represented by counsel other than respondent, was tried before Police Justice CARL R. D'ALVIA of the Village of Croton-on-Hudson and a jury on charges of receiving stolen property and selling beer to minors. The first charge was dismissed. The jury could not agree on the second charge. Thereafter Rizzi retained respondent. On February 24 and March 3, 1965, Rizzi was retried on the charge of selling beer to minors before Judge D'ALVIA without a jury. On March 24, 1965, Rizzi was found guilty. Sentencing was set for March 27, 1965. On March 24, 1965, after the finding of guilt was announced, and after the Judge left the Bench but within the confines of the courtroom and in the presence of the Court Clerk, respondent threatened the Judge that he would bring him before the State Investigation Commission. On March 25, 1965 (prior to the imposition of sentence) respondent caused the Judge to be served with a summons in an action in the Supreme Court, New York County, for $250,000 for malicious prosecution and abuse of process. The action named the Judge, the village, and the Mayor and Trustees thereof as parties defendant. (No complaint was ever served.) On the same day, namely March 25, 1965, respondent also served a notice of appeal from the "judgment of conviction" to the County Court of Westchester County. On March 25, 1965, an article appeared in the *Citizen Register* (a newspaper published in Ossining) in which it was reported that the respondent allegedly had asked for suspension of Judge D'ALVIA pending investigation of the trial by Administrative Judge GALLAGHER. On March 27, 1965, Judge D'ALVIA sentenced Rizzi to pay a fine of $75 or to serve 60 days in jail; the fine was paid. Immediately after the imposition of sentence, respondent served the Judge in the courtroom with a subpoena duces tecum requiring him to appear in the County Court, Westchester County, on April 1, 1965, and to produce at that time the notes taken by the Judge during the trial and the minutes of the trial. On March 31 respondent sent Judge D'ALVIA a telegram that the "hearing" for April 1, 1965 in the "Supreme Court" was adjourned and that a new subpoena would be served setting a new date. The Justice to whom the matter was referred has found that (1) there was no basis for the service of the summons on Judge D'ALVIA in the civil action at a time when sentence had not yet been imposed on respondent's client, Rizzi; (2) there was no basis for the civil action itself; (3) there

was no basis for the service of the subpœna duces tecum on the Judge immediately after the imposition of sentence; (4) respondent acted disrespectfully toward the court and attempted to gain special personal consideration from Judge D'Alvia by commencing the civil action against the Judge before the imposition of sentence; and (5) respondent acted disrespectfully toward the court by serving a subpœna duces tecum on the Judge without basis. The report of the Supreme Court Justice is confirmed. In our opinion, respondent's marked disrespect for the Police Justice was without provocation or justification. His action in instituting suit against the Justice for malicious prosecution and abuse of process between the finding of guilt and the imposition of sentence impugned the integrity and impartiality of the Justice, and was not only so intended, but was also intended to be intimidating. His actions not only show a complete lack of responsibility of respondent's obligations as an attorney, but he is guilty of conduct tending to bring the profession into disrepute. In the absence of any record of prior misconduct by respondent, we deem that only a public censure is warranted at this time. Respondent is hereby censured. Beldock, P. J., Ughetta, Hill, Rabin and Hopkins, JJ., concur.